UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYKEN CARDALLE ELLIS,

    Plaintiff,

  v.

CITY OF DEARBORN, a Michigan municipality, JOSHUA URBIEL, in his individual capacity, MATTHEW YORK, in his individual capacity, LEE WILMUTH, in his individual capacity,

    Defendants.

Case No.
Hon.

_____/

Todd Russell Perkins (P55623)
Joshua Thomas (P84263)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff Tyken Ellis, by and through his attorneys The Perkins Law Group and Law Offices of Joel B. Sklar, files this Complaint and Jury Demand against police officers Joshua Urbiel, Matthew York, Lee Willmuth, and the City of Dearborn and says:

1. Plaintiff Tyken Ellis is an individual who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

2. During all relevant times, Defendant Joshua Urbiel was a City of Dearborn Police Officer who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. At all times Defendant Joshua Urbiel was acting under color of law. He is being sued in his individual capacity.

3. During all relevant times, Defendant Matthew York was a City of Dearborn Police Officer who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. At all times this Defendant was acting under color of law. He is being sued in his individual capacity.

4. During all relevant times, Defendant Lee Willmuth was a City of Dearborn Police Officer who resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District. At all times this Defendant was acting under color of law. He is being sued in his individual capacity.

5. The City of Dearborn is a Michigan municipality which operates the City of Dearborn Police Department and transacts business in Wayne County, Michigan which is located in this Judicial District.

6. This is a proceeding pursuant to *42 USC § 1983* to redress the violation of rights and liberties guaranteed to Plaintiff by the *Fourth Amendment* and *Fourteenth Amendment* to the Constitution of the United States.

7. This Court has jurisdiction over this case under *28 USC §§ 1331, 1343(3), 2201* and *201*.

8. Defendant Dearborn Police Officers Urbiel, York, and Willmuth are not entitled to qualified immunity because they violated Plaintiff's clearly established *Fourth Amendment* rights of which any reasonable state actor would have known.

9. Venue is proper within this District pursuant to *28 USC § 1391(a)(1)* and *(2),* since the events which give rise to this action all took place in Wayne County, Michigan and Defendants are all located here.

## FACTS

10. On May 25, 2021, Defendant Urbiel was a member of the City of Dearborn Police Department's Special Operations Unit ("SOU").

11. On May 25, 2021, Defendant Urbiel was working patrol at the Fairlane Mall in an undercover, unmarked vehicle.

3

12. Defendant Urbiel spotted a Dodge Charger with four Black occupants in what he believed to be a stolen vehicle.

13. Defendant Urbiel saw the four Black occupants park and exit the Dodge Charger and enter the mall through the Xfinity store.

14. Plaintiff was not among the four Black persons observed by Defendant Urbiel.

15. Defendant Urbiel called for assistance from fellow City of Dearborn Police SOU officers Defendants York and Willmuth who arrived to the scene.

16. Later that afternoon Plaintiff arrived alone at the Fairlane Mall.

17. Plaintiff parked his car and entered the mall.

18. Sometime later, Plaintiff exited the mall among the four Black persons who Urbiel saw in the Dodge Charger.

19. Plaintiff walked to his vehicle, while the four occupants of the Dodge Charger walked to theirs.

20. As Plaintiff was walking to his car, Defendants Urbiel, York, and Willmuth ordered Plaintiff to stop despite the undisputed fact no one saw Plaintiff commit an illegal act or engage in any suspected criminal activity, whether inside or outside the mall.

21. Without any legal justification or excuse, Defendants Urbiel, York, and Willmuth stopped, arrested and detained Plaintiff.

22. Absent any probable cause, Defendants Urbiel, York and Willmuth caused felony charges to be issued against Plaintiff in relation to a "stolen" vehicle to which Plaintiff had no connection.

23. On or about August 27, 2021, the state district court judge, without objection from the Wayne County Prosecutor's Office, dismissed all criminal charges because of a lack of reasonable suspicion for a *Terry* stop and lack of probable cause for Plaintiff's arrest, detention and related felony charges.

## COUNT I

### *FOURTH AMENDMENT* VIOLATION FOR WRONGFUL ARREST, IMPRISONMENT AND MALICIOUS PROSECUTION PURSUANT TO 42 USC §1983

24. Plaintiff restates word for word and paragraph for paragraph each of the above allegations.

25. *42* USC *§ 1983* provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Colombia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and shall be liable to the party injured in an action at law, suite or in equity, or other appropriate proceedings for redress.

26. Plaintiff is a citizen of the United States and the individual Defendant Officers are "persons" under *42 USC § 1983*.

27. At all times, Defendant Police Officers Urbiel, York and Willmuth were acting under color of state law and their acts or omissions were conducted

5

within the scope of their official duties or employment.

28. Plaintiff had a clearly established constitutional right under the *Fourth Amendment* to be secure in his person from unreasonable searches, seizures and free from malicious prosecutions by state actors like Defendants Urbiel, York and Willmuth.

29. Defendants Urbiel, York and Willmuth violated Plaintiff's clearly established *Fourth Amendment* rights when they stopped, seized, detained and arrested Plaintiff absent any legal justification or excuse to do so.

30. Defendants Urbiel, York and Willmuth violated Plaintiff's clearly established *Fourth Amendment* rights when they maliciously caused him to be charged with felonies despite the absence of any probable cause, as found in his favor by the state district court who dismissed the charges without objection from the Wayne County Prosecutor's Office.

31. Each Defendant Officer owed Plaintiff a constitutional obligation to stop the other from violating Plaintiff's constitutional rights but each failed to intervene to stop the unconstitutional conduct of the other officer.

32. Defendants Urbiel, York, and Willmuth's conduct toward, and treatment of Plaintiff was willful, malicious, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

33. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiff suffered and endured permanent injuries including fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

34. In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against Defendants Alene and Thomas under *42 USC § 1983*, in that the actions of both of these officers were malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendants Urbiel, York and Willmuth jointly and severally, for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

### COUNT II

*FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE*
**VIOLATION PURSUANT TO 42 USC §1983**

35. Plaintiff reasserts the above paragraphs word by word and paragraph by paragraph.

36. The *Fourteenth Amendment* guarantees the rights of all citizens the equal protection under the law.

37. Plaintiff is a young Black male and a member of a protected class.

38. Plaintiff's race made a difference on how the Defendant Officers treated Plaintiff including, but not limited to, racially profiling, seizing, arresting and charging Plaintiff with various felonies despite the utter absence of any legal justification or excuse to do so.

39. Defendant Officers treated Plaintiff differently than similarly situated White males.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered and endured permanent injuries including fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

41. In addition to the compensatory, economic, consequential, and special damages available, Plaintiff is entitled to punitive damages against Defendants Alene and Thomas under *42 USC § 1983*, in that the actions of both of these officers were malicious, willful or with reckless or wanton disregard of Plaintiff's constitutional rights.

**ACCORDINGLY**, Plaintiff seeks judgment against Defendants Urbiel, York and Willmuth jointly and severally, for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable,

fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

## COUNT III

### MONELL CLAIM AGAINST THE CITY OF DEARBORN

42. Plaintiff reasserts each allegation above, word for word and paragraph for paragraph.

43. At the time of the constitutional deprivations discussed above, Defendant City of Dearborn had an illegal policy or custom of racially profiling, targeting, stopping, arresting and charging persons who are Black (or non-White) in violation of the *Fourteenth Amendment's Equal Protection Clause,* as Plaintiff was treated in this case.

44. At the time of the constitutional deprivations described above, the City of Dearborn failed to properly train and/or supervise its officers on the issue of race and bias in policing and acting upon those biases.

45. At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendants Urbiel, York and Willmuth were ratified by an official with final decision-making authority (i.e., the Chief of Police) and a custom of acquiescence and tolerance to the City of Dearborn Police Department's long-standing practice of using race as a motivating factor for scrutiny, detention and charging with crimes.

46. As a direct and proximate result of Defendant City of Dearborn's unlawful conduct, Plaintiff suffered and otherwise endured pain, agony, fear, anxiety, shock, degradation, indignity, depression, mortification, embarrassment, humiliation, mental distress, PTSD, loss of the enjoyments of life, out of pocket expenses, other economic, non-economic damages that will continue through beyond this litigation.

**ACCORDINGLY**, Plaintiff Tyken Ellis seeks judgment against Defendant City of Dearborn for damages in whatever amount in excess of this Court's jurisdictional limits to which Plaintiff is entitled, which is reasonable, fair and just, plus costs, interest and reasonable attorney fees, together with punitive damages as permitted under *42 USC §§ 1983, 1985* and *1988*.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

Date:  January 30, 2023

## **JURY DEMAND**

Plaintiff Tyken Ellis hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Todd Russell Perkins (P55623)
PERKINS LAW GROUP, PLLC
Attorneys for Plaintiff
615 Griswold, Suite 400
Detroit, MI 48226
(313)964-1702

Date:  January 30, 2023